ANDREW BUTLER and Wife, ARNEAZ BUTLER,

*v.*

MARTHA ELIZABETH HOLLAND

(*Nashville,* December Term, 1955)

Opinion filed April 5, 1956.

LOUIS FERGUSON, Nashville, for appellants.

STEPHENSON, LACKEY & HOLMAN, Nashville, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

Butler and wife, in an effort to collect a debt alleged to be owing to them by the estate of one Jesse Nolen, deceased, sought by their bill in equity to have set aside as a fraud against them a conveyance of realty by the aforesaid Jesse Nolen to his niece. He had paid $3,000 for this realty only a few days prior to the time he conveyed it to his niece, Martha Holland, appellee here, for a consideration of $1. The Chancellor sustained the demurrer of Martha Holland and dismissed the bill. The Butlers have appealed.

Nolen acquired this realty on December 20, 1951, by deed recorded January 9, 1952. On January 8 he executed a deed conveying it to this niece, a non-resident, for a recited, but unpaid, consideration of $1. The conveyance was made subject to life estate reserved in him. That deed was recorded by him on January 16, 1952, and this niece was notified of the conveyance in the summer of that year.

Some time in 1953 Nolen went to live with appellants Butler and wife, this wife being his step-daughter. His representation to them was that he "had his property fixed so they would get same on his death". On this representation they "took care of" him until he died insolvent on July 31, 1955, and paid his funeral expenses of some $500.

It is to be inferred from the general tenor of their bill that it was not until after Nolen's death that the Butlers learned of this conveyance to this niece. Then

it was that they filed this bill seeking to have that conveyance set aside as a fraud practiced upon them. The case stated makes it clear that the debt for which they seek to have this conveyance set aside is a debt accruing over a period of time commencing more than a year after there had been recorded the deed which they seek to have declared void. They, therefore, became creditors long subsequent to the recording of this deed.

It was held by *Nelson v. Vanden,* 99 Tenn. 224, 232, 42 S.W. 5, 7, that: " A subsequent creditor, who became such with knowledge or notice of the conveyance, cannot, ordinarily at least successfully attack it as fraudulent". Section 64-2602, T.C.A., provides that registration of a deed is notice from the happening of that fact to all the world. The Butlers, therefore, are charged with notice of this conveyance for more than a year before the arising of the debt for which they seek to have that conveyance set aside. It would appear, therefore, that they cannot "successfully attack it as fraudulent" as to them.

This rule was approved again in *Long v. True,* 149 Tenn. 673, 684-685, 261 S.W. 669, 672, in the following language: " 'But the better rule, we think, is, that creditors who contract debts under such circumstances that the knowledge of previous voluntary transfers must be imputed to them cannot be regarded as hindered, delayed, or defrauded by such transfers, and therefore, cannot avoid them for the purpose of obtaining collection of their debts' ".

Since the statute and decisions cited are conclusive against the relief sought by the Butlers, it is unnecessary to consider other grounds of the demurrer.

Judgment affirmed with costs adjudged against the appellants.